# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LATOYA JERRY** | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **NO. 2:16-cv-1732** |
| | ) | |
| **THE CBE GROUP, INC.** | ) | |
| Defendant. | ) | **JUDGE** |
| | ) | |
| | ) | **MAGISTRATE JUDGE** |
| | ) | |

## COMPLAINT OF LATOYA JERRY

### PARTIES

1. Plaintiff, Latoya Jerry ("Ms. Jerry"), is an individual residing in New Orleans, Louisiana, and is a person as defined by 47 U.S.C. § 153 and a consumer as defined by 15 U.S.C. § 1692a.

2. The CBE Group, Inc. ("CBE"), is a debt collector as defined by 15 U.S.C. § 1692a as it regularly uses instrumentalities of interstate commerce in attempts to collect alleged debts due to others.

3. CBE is an Iowa corporation doing business in Louisiana.

### JURISDICTION

4. Jurisdiction arises under 28 U.S.C. § 1331, 47 U.S.C. § 227, and 15 U.S.C. 1692, *et seq*.

5. Venue is proper in this judicial district because the events giving rise to Ms. Jerry's claims occurred here.

## FACTUAL ALLEGATIONS

6. CBE asserts that Ms. Jerry owes a debt.

7. The alleged debt, upon information and belief, was incurred primarily for personal, family, or household purposes and thus is subject to the Fair Debt Collections Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

8. CBE placed phone calls to Ms. Jerry's cellular telephone number.

9. CBE placed repeated and harassing phone calls to Ms. Jerry.

10. Ms. Jerry never consented to receive any calls from CBE.

11. Ms. Jerry told CBE to stop calling her on 3 occasions.

12. Ms. Jerry revoked any consent CBE believed it had to call Ms. Jerry on 3 occasions, including on or about November 27, 2015.

13. Ms. Jerry advised CBE that she did not have any money and could not pay the alleged debt.

14. CBE continued to call Ms. Jerry after being instructed to cease calling.

15. CBE's calls to Ms. Jerry, placed after she told CBE that she could not pay the debt and demanded the calls stop, were made with the intent to harass.

16. CBE spoke to Ms. Jerry in a rude, aggressive, and harassing manner.

17. When Ms. Jerry answered calls from CBE, she sometimes heard a prerecorded message requesting her to hold for an available agent.

18. When Ms. Jerry answered calls from CBE, she sometimes heard long periods of silence.

19. When Ms. Jerry answered calls from CBE, the calls sometimes disconnected.

20. Upon information and belief, CBE placed over 500 calls to Ms. Jerry between July, 2015 and January, 2016.

21. CBE placed up to 6 calls per day to Ms. Jerry.

22. CBE placed calls to Ms. Jerry's cellular telephone via an automatic telephone dialing system using prerecorded voice messages.

23. These calls were not placed for emergency purposes.

24. CBE never sent Ms. Jerry written notice of her rights under 15 U.S.C. § 1692g.

25. During the majority of the harassing collection calls, Ms. Jerry was pregnant.

26. Ms. Jerry suffered severe mental and emotional distress due to the actions of CBE.

27. Ms. Jerry suffered from emotional outbreaks and insomnia as a result of her stress due to the actions of CBE.

## VIOLATIONS OF THE FDCPA

28. The preceding paragraphs are incorporated as if fully stated herein.

29. CBE is liable under 15 U.S.C. § 1692c for communicating with Ms. Jerry when such calls were known to be inconvenient for her.

30. CBE is liable under 15 U.S.C. § 1692d for placing repeated harassing calls to Ms. Jerry and using harassing language and tactics.

31. CBE is liable under 15 U.S.C. § 1692f for using unfair and unconscionable debt collection practices.

32. CBE is liable under 15 U.S.C. § 1692g for failing to send Ms. Jerry a written notice containing the language required by section 1692g.

## VIOLATIONS OF THE TCPA

33. The preceding paragraphs are incorporated as if fully stated herein.

34. CBE is liable under 47 U.S.C. 227(b)(1) for automatic telephone dialing system and prerecorded calls to Ms. Jerry' cellular phone without consent.

35. These calls were made knowingly and willfully because CBE had no basis to believe it had express consent to place the above calls.

## VIOLATIONS OF THE LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT

36. The preceding paragraphs are incorporated as if fully stated herein.

37. CBE's actions stated herein were unfair and deceptive as defined by La. R.S. § 51:1405.

## DEMAND FOR JURY TRIAL

38. Ms. Jerry hereby demands a trial by jury.

## PRAYER FOR RELIEF

Ms. Jerry respectfully requests that judgment be entered in her favor and against CBE, including the following relief:

1. An injunction requiring CBE to cease all collection efforts against her for the alleged debt.

2. Statutory damages under the FDCPA of $1,000.

3. Statutory damages of $1,500 per call for CBE's willful violations of the TCPA.

4. Statutory damages of $500 per call for CBE's negligent violations of the TCPA.

5. All actual damages suffered by Ms. Jerry pursuant to 15 U.S.C. 1692k and La. R.S. § 51:1409.

6. Trebled damages suffered by Ms. Jerry for Defendants' knowing use of deceptive acts or practices pursuant to La. R.S. § 51:1409.

7. All costs and attorney's fees incurred by Ms. Jerry pursuant to 15 U.S.C. 1692k and La. R.S. § 51:1409.

8. Any other relief that this Court deems appropriate.

Dated: March 1, 2016                              Respectfully submitted,

*/s/ Samuel J. Ford*
Samuel J. Ford, Esq. (#36081)
Varadi, Hair & Checki, LLC
650 Poydras St., Ste. 1550
New Orleans, LA 70130
ford@vhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff